IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JAIME A. DAVIDSON,
p/k/a "Gringo," "Gringo El Original," "Gringo Man,"
an individual,
Plaintiff,



Vs.                                                                Case No. _____

LOS RABANES (an unincorporated association),
EMILIO REGUEIRA,
CHRISTIAN "PIPÓN" TORRES,
JAVIER SAAVEDRA,
RANDY "SALSA" CUEVAS,
CRESCENT MOON STUDIOS,
ESTEFAN ENTERPRISES, INC.,
EMILIO ESTEFAN, JR.,
ROBERTO "ROBERT" BLADES,
INNERCAT MUSIC GROUP, LLC,
THE ORCHARD ENTERPRISES NY, INC.,
SONY MUSIC ENTERTAINMENT, and
SONY MUSIC ENTERTAINMENT US LATIN LLC,
Defendants.
_____/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT,
CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT,
VIOLATIONS OF THE DMCA (17 U.S.C. § 1202),
FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)),
AND UNJUST ENRICHMENT
(JURY TRIAL DEMANDED)**

COMES NOW, Plaintiff, Jaime A. Davidson, ("Plaintiff" or "Mr. Davidson"), **pro-se,** alleges as follows:

1

## I. NATURE OF THE ACTION

1. This is a civil action arising from Defendants' unauthorized copying and commercial exploitation of Plaintiff's protected musical expression from the song **"¿Dónde Lo Conseguiste?"** ("DLC") in Defendants' song **"Señorita A Mi Me Gusta Su Style"** ("Señorita"), including ongoing digital distribution, public performance, and monetization without license, credit, or compensation to Plaintiff.

2. Plaintiff is professionally known as "Gringo," "Gringo El Original," and "Gringo Man." Plaintiff wrote and recorded DLC in the early 1990s as part of Plaintiff's pioneering work in Spanish-language Dancehall and early Reggaetón Movement. DLC became closely associated with Plaintiff's identity and reputation in Latin and Caribbean markets and among Spanish-speaking audiences in the United States.

3. DLC contains a distinctive Spanish-language call-and-response chorus and hook centered on the phrase commonly rendered as **"Cuerpo de Campeona,"** expressed through Plaintiff's specific phrasing, selection and arrangement of lyric content, and a particular rhythmic placement within the chorus that functions as the core memorable element of DLC. Plaintiff does not claim ownership over general party themes, dance tropes, or generic compliments. Plaintiff claims ownership over Plaintiff's **specific original expression** as fixed in the composition and recording, including the hook as expressed in Plaintiff's selection, arrangement, phrasing, and rhythmic delivery. **(See Exhibit D.)**

4. Defendants later created, recorded, released, distributed, and profited from Señorita, a commercially exploited track that uses a central Spanish-language hook that tracks

2

Plaintiff's DLC chorus in protected expression, including structure, lyrical framing, and rhythmic placement as the centerpiece hook. **(See Exhibits - C & E.)**

5. Members of Los Rabanes admitted to Plaintiff, both by telephone and face-to-face, that the Señorita hook was taken from Plaintiff's DLC as a **"Tribute,"** confirming access and copying. Despite these admissions, Defendants have never obtained a license from Plaintiff, have never credited Plaintiff as writer or composer, and have never paid Plaintiff any royalties or other compensation for use of Plaintiff's protected expression. **(See Exhibit - B.)**

6. Plaintiff seeks declaratory relief, injunctive relief, accounting, disgorgement of profits, statutory and/or actual damages as permitted by law, correction of metadata and crediting, and all other relief to be proven at trial.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under **28 U.S.C. § 1331** because this action arises under the **Copyright Act, 17 U.S.C. §§ 101 et seq.,** and the Digital Millennium **Copyright Act, 17 U.S.C. § 1202.**

8. This Court has subject-matter jurisdiction under **28 U.S.C. § 1338(a)** because this action arises under an Act of Congress relating to copyrights.

9. This Court has subject-matter jurisdiction under **28 U.S.C. § 1331 and 15 U.S.C. § 1121** because Plaintiff asserts claims under the **Lanham Act, 15 U.S.C. § 1125(a).**

10. This Court has supplemental jurisdiction under **28 U.S.C. § 1367(a)** over the state-law unjust enrichment claim because it forms part of the same case or controversy.

11. Venue is proper in this District under **28 U.S.C. §§ 1391(b) and 1400(a)** because a substantial part of the events giving rise to the claims occurred in this District and because Defendants' infringing work has been distributed, monetized, and accessed in this District through digital platforms and commercial channels, causing injury to Plaintiff in Florida.

12. Defendants purposefully directed infringing conduct at Florida by producing, distributing, licensing, and monetizing Señorita through Florida-based studios and corporate entities, including **Estefan Enterprises, Inc., Crescent Moon Studios, and InnerCat Music Group, LLC,** and by commercially exploiting Señorita within Florida and throughout the United States.

## III. PARTIES

13. Plaintiff, Jaime A. Davidson, **pro-se,** is a natural person and citizen of the State of Florida who resides in Florida and receives business mail at 10226 Curry Ford Road, Suite 107-91, Orlando, Florida 32825.

14. Defendant Los Rabanes is a musical group operating as an unincorporated association that tours, records, and commercially exploits musical works throughout the United States and internationally.

15. Defendants, **Emilio Regueira, Christian "Pipón" Torres, Javier Saavedra, and Randy "Salsa" Cuevas** are individual members of **Los Rabanes** who participated in creating, performing, authoring, and/or exploiting Señorita and who have directed commercial activities to the United States, including Florida.

4

16. Defendant Crescent Moon Studios is, upon information and belief, a recording facility in Miami, Florida associated with Estefan Enterprises and involved in recording, production, and/or mixing of Señorita and related works.

17. Defendant Estefan Enterprises, Inc. is a Florida corporation with its principal place of business in Miami-Dade County, Florida and participated in production, co-production, marketing, administration, and/or exploitation of Señorita.

18. Defendant Emilio Estefan, Jr. is an individual resident of Florida and a principal of Estefan Enterprises, Inc., who produced, co-produced, supervised, or approved aspects of Señorita's creation and exploitation.

19. Defendant Roberto "Robert" Blades is, upon information and belief, a producer/musician who co-produced Señorita and conducted business relating to Señorita's creation and exploitation.

20. Defendant InnerCat Music Group, LLC is a Florida-based music company that handled or handles distribution, administration, and monetization of Señorita and related Los Rabanes works.

21. Defendant The Orchard Enterprises NY, Inc. is a global digital distributor affiliated with Sony that distributed and monetized Señorita into Florida and throughout the United States.

22. Defendants Sony Music Entertainment and Sony Music Entertainment US Latin LLC are music companies that, upon information and belief, managed, distributed, licensed, or otherwise exploited Señorita and related catalog and conduct substantial business in this District.

5

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Creation, Priority, and Ownership of DLC

23. In or about 1991–1992, Plaintiff wrote and recorded DLC and an album of the same name in New York, within the early Spanish-language Dancehall ecosystem linking Brooklyn, Panama, Puerto Rico, and wider Caribbean and Latin markets.

24. DLC's chorus and hook contain Plaintiff's original expression, including Plaintiff's particular selection and arrangement of lyrical phrasing and the rhythmic placement and delivery that functions as the core memorable hook.

25. Plaintiff did not execute any written assignment, work-for-hire agreement, or transfer of copyright ownership to Defendants or any other party as required by **17 U.S.C. § 204(a).** Plaintiff never licensed Defendants to copy, adapt, distribute, or publicly perform Plaintiff's DLC hook in Señorita.

26. Plaintiff has registered the relevant works as required under **17 U.S.C. § 411(a),** and Plaintiff relies on the Copyright Office documentation attached and referenced herein. **(See Exhibits – G, H, and I).**

27. Plaintiff's authorship and priority are further supported by the copyrighted lyrics and the composition's distinctive chorus structure as shown in the lyrics and comparison exhibits. **(See Exhibits – C & D).**

### B. Defendants' Work "Señorita" and the Copying of Protected Expression

28. Years after DLC circulated in Panama and other markets, Defendants created, recorded, released, and exploited Señorita, which contains a Spanish-language hook that tracks

Plaintiff's DLC chorus in protected expression, including the hook's central framing and its placement as the **"Flagship Hook"** of the song.

29. The hook in Señorita is not incidental. It functions as the principal hook that drives crowd response and anchors the song's identity in recordings and performances. **(See Exhibit - E.)**

30. Plaintiff alleges that Defendants copied the protectable aspects of Plaintiff's expression, not merely an abstract idea. The protectable content includes the selection, arrangement, and phrasing of the hook as expressed in DLC, and its rhythmic and structural use as the central chorus hook. **(See Exhibits - C, D, and E).**

## C. Access and Admissions Confirming Copying

31. DLC circulated widely in Panama and other markets prior to Señorita through clubs, radio, and sound-system culture. Defendants worked within the same geographic and musical lanes, making access plausible even absent direct admission.

32. After Plaintiff's release from federal custody in or about January 20, 2021, Plaintiff learned of Señorita and the similarity to Plaintiff's DLC hook when the song was brought to Plaintiff's attention.

33. Around 2022, Plaintiff's then-manager, Mr. Jimmy McCormack facilitated a phone call between Plaintiff and members of Los Rabanes. During that call, when Plaintiff raised the similarity between DLC and Señorita, Defendants acknowledged they used Plaintiff's line and described it as a **"Tribute."**

34. Plaintiff later confronted the band face-to-face at a performance in New York, where Defendants again admitted that Señorita's hook derived from DLC as a tribute while continuing to exploit the song without credit or payment to Plaintiff.

35. These admissions support plausibility, notice, and willfulness at the pleading stage, with admissibility and weight to be determined at later stages. **(See Exhibit - B.)**

### D. Ongoing Exploitation, Timeliness, and Separate Accrual

36. Defendants' exploitation is ongoing through digital streaming, downloads, distribution, and public performance. Each new reproduction, distribution, and public performance constitutes a discrete infringing act.

37. Under the separate-accrual rule recognized by the Supreme Court, Plaintiff's claims are timely as to acts occurring within the limitations period even if earlier acts occurred outside of it. Plaintiff seeks relief for infringing acts occurring within the three-year period preceding filing and continuing thereafter. **See,** *Petrella v. Metro-Goldwyn-Mayer, Inc.,* **572 U.S. 663 (2014).**

38. Any limitations defenses, including laches, are fact-intensive and inappropriate for resolution on a motion to dismiss where Plaintiff alleges delayed discovery due to incarceration, continuing infringement, ongoing monetization, and Defendants' post-notice conduct.

### E. Registration and Copyright Office Records

39. Plaintiff attaches and references the Copyright Registration Certificate and Copyright Office Records confirming registration information relevant to DLC. **(See Exhibits – G, H, and I).**

40. Plaintiff alleges that Defendants' distribution and monetization relied on metadata and attribution practices that excluded Plaintiff, contributing to diversion of credit and royalties and creating consumer confusion as to authorship and origin.

## V. CLAIMS FOR RELIEF

### COUNT - I – COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)
### (Against All Defendants)

41. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff is the author and, at a minimum, the beneficial owner of valid copyrights in DLC's protectable expression, including the hook and chorus structure as fixed in the musical composition and/or sound recording. **(See Exhibits G, H, and I).**

43. Defendants, without authorization, copied protectable expression from DLC and incorporated it into Señorita.

44. Defendants reproduced, prepared derivative works, distributed, publicly performed, and otherwise exploited Señorita containing infringing material in violation of **17 U.S.C. § 106.**

45. Defendants' infringement has been willful, as demonstrated by admissions that the hook was a **"Tribute,"** Defendants' industry sophistication, and continued exploitation after notice.

46. Plaintiff is entitled to injunctive relief, an accounting, actual damages and infringer profits under **17 U.S.C. § 504(b)**, and where available, statutory damages and fees under **§§ 504–505.**

## COUNT - II – CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT
### (Against all Defendants, Los Rabanes, Estefan Enterprises, Crescent Moon Studios, Emilio Estefan Jr., Roberto Blades, InnerCat, The Orchard, Sony Entities)

47. Plaintiff realleges paragraphs 1 through 46.

48. The production and distribution defendants knew or had reason to know that Señorita contained a hook derived from Plaintiff's preexisting work and that proper clearance, license, and/or credit had not been secured.

49. These defendants materially contributed to infringement by producing, recording, mixing, distributing, administering, and monetizing Señorita and derived direct financial benefits from that exploitation.

50. These defendants had the ability to supervise or control distribution and monetization and failed to prevent or remedy infringement.

## COUNT - III – DMCA: REMOVAL/ALTERATION OF CMI (17 U.S.C. § 1202)
### (Against All Defendants)

51. Plaintiff realleges paragraphs 1 through 50.

52. Upon information and belief, Defendants distributed and monetized Señorita using attribution and metadata that omitted Plaintiff as the source of the copied hook and/or

facilitated false attribution, with knowledge that such omissions would promote infringement and conceal the origin of protected expression.

53. Defendants' conduct caused or contributed to misattribution, diversion of credit, and difficulty tracing revenues and licensing, all of which are discoverable through distributor and platform records.

## COUNT - IV – FALSE DESIGNATION OF ORIGIN / FALSE ENDORSEMENT (15 U.S.C. § 1125(a))

### (Against All Defendants)

54. Plaintiff realleges paragraphs 1 through 53.

55. Defendants used Plaintiff's protected hook and commercial persona-associated expression in a manner likely to cause confusion as to origin, sponsorship, affiliation, or endorsement, particularly given Plaintiff's established association with DLC in the relevant markets.

56. Defendants' use created consumer confusion and allowed Defendants to trade on Plaintiff's goodwill.

## COUNT V – UNJUST ENRICHMENT

### (Against All Defendants)

57. Plaintiff realleges paragraphs 1 through 56.

58. Defendants knowingly received and retained benefits derived from the unauthorized exploitation of Plaintiff's works, identity, name, and commercial persona, including

diversion of attribution, branding value, and market goodwill, without paying Plaintiff fair value.

59. It would be inequitable for Defendants to retain those benefits without restitution.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Jaime A. Davidson, Plaintiff, **pro-se,** respectfully requests judgment in his favor and that the Court award:

60. Declaratory relief confirming Plaintiff's rights and that Defendants infringed.

61. Preliminary and permanent injunctive relief prohibiting continued exploitation of Señorita containing the infringing hook absent lawful license and proper credit.

62. An accounting of all revenues, royalties, advances, streams, downloads, synchronization, public performance, and other income derived from Señorita and related exploitation, and disgorgement of profits attributable to infringement.

63. Actual damages and infringer profits under **17 U.S.C. § 504(b),** and where available, statutory damages under **§ 504(c),** including enhanced damages for willfulness.

64. An order requiring correction of metadata and crediting of Plaintiff as appropriate across labels, publishers, PROs, distributors, and digital service providers.

65. Costs and, where authorized, attorneys' fees under **17 U.S.C. § 505.**

66. Such other relief as the Court deems just and proper, and as the law demands.

## VII. DEMAND FOR JURY TRIAL

67. Plaintiff demands a trial by jury on all issues triable.

Signed on this ___7___ day of ___February___, 2026.

Respectfully submitted,

_____
**JAIME A. DAVIDSON SR., Plaintiff, Pro-Se.**
p/k/a "Gringo," "Gringo El Original," "Gringo Man"
10226 Curry Ford Road, Suite 107-91
Orlando, Florida 32825
**Telephone: (407) 496-0809**
**Email: jadavidson1610@gmail.com**

# CERTIFICATE OF SERVICE

I, Jaime A. Davidson, Plaintiff, **pro-se, HEREBY CERTIFY** that I mailed a true and correct copy of the foregoing:

**"COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT, VIOLATIONS OF THE DMCA (17 U.S.C. § 1202), FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)), AND UNJUST ENRICHMENT (JURY TRIAL DEMANDED)"**

by **USPS Certified Mail, Return Receipt Requested,** and, **where available, by Email,** to each named Defendant at the addresses and email contacts displayed in good faith below, used for the **December 6, 2025, Pre-Litigation Demand Letter** and to any additional counsel of record once they appear in this action.

Emilio Regueira, Christian "Pipón" Torres,
Javier Saavedra, Randy "Salsa" Cuevas
LOS RABANES
c/o Rockass Online Music LLC
68 Carlisle Ave
Paterson, NJ 07501
Email: info@rockassonlinemusic.com
randy@rapromoeventos.com

Crescent Moon Studios, Inc. / Estefan Enterprises, Inc.
Attn: Emilio Estefan, Jr.
420 Jefferson Avenue
Miami Beach, FL 33139

Crescent Moon Studios
Attn: Emilio Estefan, Jr. / Roberto "Robert" Blades
6205 Bird Rd
Miami, FL 33155
Email: josem@crescentmoon.com

InnerCat Music Group, LLC
4920 NW 165th Street
Miami Gardens, FL 33014
Email: contact@innercatmusic.com

The Orchard Enterprises NY, Inc.
23 East 4th Street
New York, NY 10003
Email: info@theorchard.com

Sony Music Entertainment
Attn: Rights and Legal Department
25 Madison Avenue
New York, NY 10010

Sony Music Entertainment US Latin LLC
Attn: Legal Department
3390 Mary Street, Suite 220
Coconut Grove, FL 33133
Email (division contact): karyan.diaz@sonymusic.com

Signed on this ___8___ day of ___February___, 2026.

Respectfully submitted,

/s/ _____
**JAIME A. DAVIDSON SR.**
p/k/a "Gringo," "Gringo El Original," "Gringo Man"
**Gringo Man Enterprise, LLC**
10226 Curry Ford Road, Suite 107-91
Orlando, Florida 32825
**Tel: (407) 496-0809**
**Email: jadavidson1610@gmail.com**

15